GERALD C. NICHOL, District Attorney, Dane County
You have requested my opinion on a number of questions relating to the compensation to be paid an elected county surveyor, the duties to be performed for the salary provided, and possible conflicts of interest in contracts negotiated by him.
By ch. 499, Laws of 1969, effective March 26, 1970, the legislature substantially revised sections of the statutes *Page 135 
relating to the election, duties and compensation of the county surveyor, and office and records to be maintained by him.
Section 59.12, Stats., was amended to provide that the county surveyor shall be a registered land surveyor. Although not material to your inquiry, the county was empowered:
"* * * In lieu of electing a surveyor in any county, the county board may, by resolution designate that the duties under ss. 59.60 and 59.635 be performed by any registered land surveyor employed by the county. * * *"
Section 59.14 (1), Stats., was amended to require the county to provide suitable office space at the county seat or at such other place as the county board directs. Such office is required to be open during usual business hours each day, with right of the public to examine and copy all books and papers required to be kept. Sections 59.60 (2) and (3), Stats., provide that the surveyor is to make and keep certain records "in file in the office of the county surveyor to be provided by the county." Section 59.60 (6), Stats., provides that surveys for individuals or corporations may be performed by any land surveyor employed by them, providing that a true copy of the survey is filed within 60 days in the office of the county surveyor.
Section 59.65, Stats., formerly provided a schedule of fees which the county surveyor could claim for services furnished the county or from private persons employing him. In certain cases the county board could establish higher fees.
As amended, sec. 59.65, Stats., now provides:
"In addition to the regular fees of land surveyors from the parties employing him, the county surveyor shall receive a salary of $1,500 per annum from the county; but the county board of the several counties may at any annual meeting fix the salary to be paid at a greater sum."
It should be noted that there is no longer authority for deputies to charge on a fee or "regular fees of land surveyor" basis, and no minimum salary is provided for deputies under this section. *Page 136 
Section 59.60 (1), Stats., recognizes that the county surveyor may do survey work for individuals and corporations:
"(1) Execute, by himself or a deputy, any and all surveys required by the county or by any court. Surveys for individuals or corporations may be executed at the county surveyor's discretion."
Section 59.63 (1), Stats., was amended to make the county liable in the first instance for publication of notice, survey and perpetuation of sections or other corners thereof:
"* * * The surveyor shall be paid the cost of said perpetuation from the general fund of the county."
Section 59.635 (3) and (4), Stats., were amended to make the county liable for perpetuating landmarks in counties where there is no county surveyor. Section 59.635 (9), (10) and (11), Stats., provide:
"(9) At least 5% of all corners shown in the corner record book shall be checked by the county surveyor or a deputy and the references confirmed or new references made each year.
"(10) The county surveyor may employ other land surveyors to assist in this work and may accept checks of references for these corners from any land surveyor.
"(11) The cost of perpetuating these corners shall be paid out of the county road and bridge fund or other county fund under s.83.11."
Section 59.59, Stats., as amended, provides:
"The county surveyor may appoint and remove deputies at will on filing a certificate thereof with the county clerk."
From a reading of ch. 499, Laws of 1969, it is apparent that there may be a distinction between "deputies" and other "land surveyors" employed by the county surveyor and that, whereas deputies must be registered land surveyors, there is no requirement that land surveyors employed pursuant to sec. 59.635 (10), Stats., be made deputies.
With respect to deputies paid from county funds, the county board has authority under sec. 59.15 (2), Stats., to *Page 137 
limit their number and provide for their compensation. If county compensation is not provided, the officer could, in theory, pay for their services out of his own salary.
It appears that the legislature, in enacting ch. 499, intended that:
1. The county surveyor be a registered land surveyor.
2. That all surveys in the county be performed by registered land surveyors.
3. That there be a central depository for the records and files of the county surveyor and for all surveys made within the county, that such records and field notes be county property, and that said depository be at the office of the county surveyor in offices furnished by the county and open during usual business hours.
4. That a concerted effort be made to update all corners within the county at county expense.
5. That the statutory fee system be replaced with a salary plus "regular fees of land surveyors" basis, subject to control in the county board.
You state that the elected county surveyor in Dane County has an established salary of $5,088.
You inquire:
"In view of the fact that we pay our county surveyor an annual salary, do the duties required of him under secs. 59.635 (8) and (9) constitute duties covered by his annual salary?"
You have not furnished me with the resolution establishing the salary of the surveyor under sec. 59.15 (1) (a), Stats., which provides:
"(a) The board shall, prior to the earliest time for filing nomination papers for any elective office to be voted on in the county (other than supervisors and circuit judges), which officer is paid in whole or part from the county treasury, establish the total annual compensation for services to be paid him (exclusive of reimbursements for expenses *Page 138 
out-of-pocket provided for in sub. (3)). The annual compensation may be established by resolution or ordinance, on a basis of straight salary, fees, or part salary and part fees, and if the compensation established is a salary, or part salary and part fees, it shall be in lieu of all fees, including per diem and other forms of compensation for services rendered, except those specifically reserved to the officer in such resolution or ordinance. The compensation established shall not be increased nor diminished during the officer's term and shall remain for ensuing terms unless changed by the board."
It is my opinion that a county board, under this section and sec. 59.15
(1) (b), Stats., could, even in view of the language in secs. 59.60 (1),59.63 (1) and 59.635 (11), Stats., limit compensation paid to the county surveyor to the salary established, in lieu of all fees, and could even require that the county surveyor pay into the county treasury any fees collected from private individuals or corporations for surveys executed under his authority as county surveyor.
Section 59.15 (4), Stats., provides:
"(4) INTERPRETATION. In the event of conflict between this section and any other statute, this section to the extent of such conflict shall prevail."
Where a county board has not acted to limit compensation to salary, in lieu of all fees, it is my opinion that the county surveyor can charge and retain fees equal to those regularly charged by land surveyors in such county, from parties employing him, for surveys for private individuals and corporations, authorized by sec. 59.60 (1), Stats., and similar fees from the county for services under sec. 59.63 (1) and under sec. 59.635, Stats. The board, as hereinafter noted, could regulate the amounts of the fees to be charged the county.
Were it not for sec. 59.63 (1), Stats., I would construe sec. 59.635 (8), (9), (10) and (11), Stats., as requiring the county surveyor to check 5 percent of the corners each year, or have it done by surveyors employed by him if funds were *Page 139 
available, as part of his duties for which the $1,500 or higher salary referred to in sec. 59.65, Stats., was being paid, and limit sec. 59.635 (11) to a fund for payment of land surveyors employed by the county surveyor under sec. 59.635 (10). However, sec. 59.63 (1) refers to the county surveyor and states "* * * The surveyor shall be paid the cost of said perpetuation * * *."
The salary provided in sec. 59.65, Stats., does, however, cover the duties of the county surveyor to execute all surveys required by the county other than those in secs. 59.63 and 59.635, Stats., even where the resolution of the county board does not provide that it is in lieu of all other forms of compensation.
There is admittedly a problem area which would arise if a county surveyor attempted to unfairly allocate work time and charged the county for perpetuation services under sec. 59.635 (8), (9) and (11), Stats., for work which was done in connection with a county survey required under sec. 59.60 (1), Stats.
While both subsections (8) and (9) of sec. 59.635, Stats., use the word "shall" with respect to the duty of the county surveyor to check, establish or reestablish 5 percent of all corners within the county each year, it is my opinion that such figure is a desirable goal established by the legislature. Whether the 5 percent figure could be met in any county would depend upon the size of the county and number of corners "originally established in the county by government surveyors," the ability of the county surveyor to perform the tasks or supervise the land surveyors employed for the purpose, activity of the state highway commission or county highway department registered land surveyors, the availability of registered land surveyors to be employed by the county surveyor under sec. 59.635 (10), Stats., and the amount of funds available under sec. 59.635 (11), Stats., which makes reference to sec.83.11, Stats.
Section 83.11, Stats., provides:
"Any county board may provide that section and quarter section corners in any highway constructed in whole or in *Page 140 
part with county funds may be marked with suitable permanent monuments or markers; and the expense of putting in and maintaining such markers shall be paid out of the county road and bridge fund or other county fund as may be determined by the county board."
The county board, in appropriating funds to carry out the intention of the legislature, should consider the necessity of funds to provide for and maintain office facilities, including those for the preservation of records, and personnel to staff the same so that regular office hours may be maintained. In setting the salary of the county surveyor and his deputies, the board should consider the time which the county surveyor must devote to office and supervisory duties, the amount of county surveying which may be required other than checking 5 percent of corners per year, the functions which will be performed by deputies paid from the county treasury, the time the county surveyor will have to personally check, establish or reestablish corner posts as included in his salary if so specified by the board, and the estimated cost of employing independent land surveyors under sec. 59.635 (10), Stats., to meet the 5 percent goal if the county surveyor is unable to do such work personally or by means of deputies paid by the county whose duties as specified by the county board are to include such work within the salary provided.
The county board can also, under the provisions of sec. 59.15 (2) (c), Stats., establish the general terms and rates of compensation to be paid land surveyors employed by the county surveyor under sec. 59.635 (10) and (11), Stats., at, or reasonably above or below, the rates regularly charged by land surveyors in the area.
Your second question is whether there would be a violation of sec.946.13, Stats., in a county where the resolution of the county board establishing the salary of the surveyor did not provide that it was in lieu of all fees, where the county surveyor did work under sec. 59.635 (8) and (9), Stats., and was paid in excess of $2,000 therefor.
I am of the opinion that there would be no violation. The county surveyor does not gain a right to do such work and *Page 141 
charge for the same by contract. The right arises from statute, and such work is performed in his official capacity.
You state that the county surveyor also operates a private surveying firm in sole proprietorship and employs land surveyors in such firm.
You inquire whether the county surveyor could contract with such firm to perform survey work under sec. 59.635 (10), Stats.
I am of the opinion that he could contract with said firm (himself as an independent contractor) only to the extent that the contracts within one year did not aggregate more than $2,000.
He could contract with land surveyors, who were from time to time employed by him in his firm, as independent contractors, providing that he had no private pecuniary interest direct or indirect in such contracts. If he had a private pecuniary interest in such contracts, he could contract only to the extent that the contracts within one year did not aggregate more than $2,000.
I am of the further opinion that, pursuant to secs. 59.01 (1), 59.07
(5) and 59.15 (1) and (2) (c), Stats., the county board could restrict the county surveyor from contracting with a firm privately operated by him or in which he had a direct or indirect interest.
RWW:RJV